ROBERT HIRSCHBERG and Another, Copartners, Trading under the Name and Style of HIRSCHBERG, SCHUTZ & Co., Appellants, v. BERTAL TEXTILE COMPANY, INC., and Others, Respondents.

First Department, May 12, 1933.

*Bernard Gordon* of counsel [*Howard W. Fensterstock* with him on the brief; *Irving Katz*, attorney], for the appellants.

*George H. Engelhard* of counsel [*Engelhard, Pollak, Pitcher & Stern*, attorneys], for the respondent Shapiro Brothers Factors Corporation.

TOWNLEY, J.   This action is brought to recover for the conversion of a check representing the proceeds of two drawback refunds received by defendants from the United States government upon merchandise imported by the plaintiffs.   A drawback is a refund of duty paid on the importation of merchandise when it is exported after work has been done on it in this country.

The drawback regulations of the Treasury Department provide that payment of drawbacks shall be made by check " payable to the order of the party making the entry or the party to whom the maker on the face of the entry directs such payment to be made."

The plaintiffs arranged with Bertal Textile Company, Inc., to have certain work done on these goods and a contract was made which, among other things, provided that Bertal Textile Company, Inc., agreed " to purchase the same for 85% of the duty to be refunded by the United States Government on your imported merchandise that is duty paid in this country within a period of no more than two years and 11 months from the time we receive the merchandise. On receipt from you of the merchandise and the import information we are to give you a ninety day trade acceptance for the approximate amount of 85% of the duty refund.  *A final accounting shall be made on receipt of the check from the Government which will be made payable to yourselves.*   In case the refund check is collected before the acceptance given you is due, you are to pay us 15% of the amount received on this refund check and return to us our acceptance, or its equivalent in cash.   On all amounts that are in excess of one thousand dollars that we receive for the sale of this merchandise, you are to receive 50%."   According to plaintiffs' interpretation of this agreement, it was not a sale but a commission transaction taking the form of a sale.   In any event in effect it contained an agreement by Bertal Textile Company, Inc., that

title to any proceeds from the drawback bills should remain in plaintiffs and clearly no transfer of title of plaintiffs' inchoate claim against the government of the United States was made by this agreement.

The goods were delivered and for a long period of time Bertal Textile Company, Inc., falsely represented to plaintiffs that it had not collected the money on the drawback claim.

The defendant, respondent, Shapiro Brothers Factors Corporation, were factors for Bertal Textile Company, Inc., and owned one-third stock interest in that company. The secretary of the Bertal Textile Company, Inc., was their special representative. By a joint letter signed by Shapiro Brothers Factors Corporation and Bertal Textile Company, Inc., Bertal's customs broker, Comstock & Theakston, Inc., on February 11, 1928, were instructed as follows: " Please be advised that the Bertal Textile Company, Inc., have a commercial banking arrangement with us, which has been in force since May 6, 1924.

" Under the terms of this agreement, and in the regular course of their business, they have assigned to us all of their drawbacks, whether purchase or commission drawbacks against which assignments we have made advances to Bertal.

" From this day kindly arrange to make your payments direct to us instead of to Bertal, as in the past, and below is your authority to do so signed by Bertal."

At the end of plaintiffs' case it was established *prima facie* by the admissions of the president of Shapiro Brothers Factors Corporation and by other testimony that Shapiro Brothers Factors Corporation had received the proceeds of the drawbacks in question with knowledge of the arrangement between plaintiffs and Bertal Textile Company, Inc., and with knowledge that Bertal Textile Company, Inc.'s interest was limited to a commission on the transaction. With this knowledge it had deliberately directed the customs broker to divert the checks or their proceeds when received and pay it over to them.

When goods are imported there arises an inchoate drawback right. This right was never transferred from plaintiffs. As between Bertal Textile Company, Inc., and plaintiffs and Shapiro Brothers Factors Corporation which had knowledge of the arrangement, plaintiffs owned the drawback as soon as it should come into existence. (See *Revere Sugar Refinery* v. *Stone & Downer Co.*, 285 Fed. 167.). It came into existence when the government's check was delivered to the customs broker. It was diverted from its true owner by direction of the defendant Shapiro Brothers Factors Corporation and the proceeds were paid to said defendant.

It is unimportant whether there was any clear tracing of the proceeds through the bank accounts of the customs broker. That point was not raised below and may not now be raised on appeal. (*Kramer* v. *Brooklyn Heights R. R. Co.*, 190 N. Y. 310.) However, such proof was unnecessary in view of the inference to be drawn from Shapiro's admission that defendant Shapiro Brothers Factors Corporation had in fact and with knowledge received the proceeds. As was said in *Van Alen* v. *American National Bank* (52 N. Y. 1): " This action is based upon another principle equally well settled, viz., that so long as money or property belonging to the principal or the proceeds thereof may be traced and distinguished in the hands of the agent or his representatives or assignees, the principal is entitled to recover it unless it has been transferred for value without notice."

The evidence clearly established conversion of the check by the agent of defendant and it was error to dismiss the complaint.

The judgment and order should be reversed and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellants to abide the event.