CRAMER BISHOP, an Infant, by His Guardian ad Litem, VERNON MCALLISTER, Respondent, v. CHARLES J. PHELPS and BERTHA A. CUTTING, Appellants.— Same decision and like cause of action as in companion case last above. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

LINO SCUSA, as Administrator, etc., of RITA SCUSA, Deceased, Respondent, v. FRED W. HOEFLER and ETHEL E. HOEFLER, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, without costs. Memorandum: This record discloses no sufficient reason for excepting this case from the general rule that transitory actions, all other things being equal, should be tried in the county in which the cause of action arose, particularly in view of the fact that all of the witnesses are residents of Oswego county. All concur. (The order denies defendants' motion to change the place of trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JOHN A. MCCALL and KATHRYN J. MCCALL, as Administratrix, etc., of HAROLD MCCALL, Deceased, Respondents, v. HAZEL I. MCCALL, Appellant, Impleaded with FRANK MCCALL, Defendant.— Judgment and order affirmed, with costs. Memorandum: On the facts presented the Special Term was justified in denying the motion to resettle the order denying the motion to set aside the sale. Technical objections to the validity of the final judgment, not raised against the interlocutory judgment, from which no appeal has been taken, are urged upon us as grounds for reversal of the final judgment. These objections affect no substantial right of the appellant and may be disregarded. Moreover, appellant on the motion for final judgment consented to the confirmation of the referee's report of sale and that conveyances be made to the purchasers on the sale and her attorney applied for and received an allowance for his services in the partition action. Having, in effect, consented to the entry of the final judgment and to a confirmation of the sale and having accepted benefits under the final judgment in the form of an allowance paid to her counsel, appellant cannot review the judgment on appeal. (*Hooper* v. *Beecher*, 109 N. Y. 609, 610.) All concur. (The judgment confirms the sale in a partition action and directs the distribution of the proceeds. The order denies a motion by defendant Hazel I. McCall for a resettlement of an order which denied a motion by Frank McCall to set aside the sale in the partition action.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

MARGARET R. MEEGAN, Respondent, v. PAUL WILSON and FLORENCE WILSON, Appellants. JOHN R. MEEGAN, Respondent, v. PAUL WILSON and FLORENCE WILSON, Appellants. MARY R. KEENE, Respondent, v. PAUL WILSON and FLORENCE WILSON, Appellants. RUSSELL KEENE, Respondent, v. PAUL WILSON and FLORENCE WILSON, Appellants. WILLIAM H. THOMSON, Respondent, v. PAUL WILSON and FLORENCE WILSON, Appellants.— Order affirmed, with ten dollars costs and disbursements, with leave to the defendants to renew the motion upon proper papers. (See *Alper* v. *Ithaca Railway, Inc.*, *ante*, p. 934, decided December 27, 1939.) All concur. (The order denies the motion of defendants in five actions to change the place of trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.