Gussie Gutov, as Administratrix of the Estate of Julius Gutov, Deceased, Appellant, *v.* Abraham Krasne, Respondent, et al., Defendants.

First Department, June 4, 1943.

*William L. Shumate* of counsel (*Edward J. Haniver,* attorney), for appellant.

*Joseph F. Murray* of counsel (*Edward L. Johnson,* attorney), for respondent.

CALLAHAN, J. There was a prior trial of this action which resulted in a verdict for the plaintiff. The trial court set that verdict aside and dismissed the complaint, ruling as a matter of law that one Eisen, the driver of the automobile which caused the accident resulting in the death of plaintiff's intestate, was an independent contractor and not defendant Krasne's employee. Eisen was a salesman for said defendant. He used his own car in soliciting business for defendant. The accident occurred in New Jersey while Eisen was so engaged. This court sustained the judgment of dismissal by a divided court (259 App. Div. 709), but the Court of Appeals unanimously reversed the judgment in a memorandum decision (285 N. Y. 595) reading as follows: " Judgments reversed and a new trial granted, with costs to the appellant to abide the event. The law of New Jersey governs and under that law the question whether the defendant Krasne was the employer of the salesman was one of fact."

Upon the retrial of this action a jury rendered a second verdict for the plaintiff, which the trial court again set aside. In doing so it indicated that there were errors in the reception of evidence. We have examined these claims of error and find they are without substance. In addition to setting aside the second verdict, the court again dismissed the complaint. Clearly this disposition was improper in view of the ruling of the Court of Appeals, unless the record in the second trial was materially different from the first.

Upon the second trial some issues were eliminated which had existed on the first trial. The defendant conceded that the accident in which plaintiff's intestate met his death was due to the negligence of Eisen, and that deceased was free from contributory negligence. It likewise conceded that Eisen at the time of the accident had not deviated from the course of his employment, if an employment existed. Therefore, the burden assumed by plaintiff on the first trial as to these matters no longer existed. The sole issue on the second trial was whether Eisen was the defendant's servant, so as to make the doctrine of. *respondeat superior* applicable, or whether he was an independent contractor.

We find that there were only two respects in which the evidence on the second trial differed materially from that offered on the first. On the first trial Eisen stated that the defendant knew that he was using an automobile in selling defendant's merchandise. Upon the present trial Eisen at first testified that it was his present recollection that the defendant did not know that he had used an automobile for the solicitation of orders. He identified, however, a written statement made by him to the effect that the defendant knew that he was using the car, and it was conceded that he testified upon the first trial that such knowledge existed. He vouched for the truth of the statement and of his earlier testimony.

Under the circumstances the jury might well have found what amounted in effect to a present statement by Eisen of defendant's knowledge of his use of an automobile. In any event there was other circumstantial evidence from which this knowledge could have been found.

The second difference with respect to the evidence upon the two trials was that upon the first trial testimony was given by expert witnesses as to the law of New Jersey concerning the liability of a master for the acts of his servant, whereas upon the present trial such evidence was omitted, the trial court assuming to determine what that law was, and to advise

the jury concerning same. Defendant took no exception to this procedure. He may not now claim error with respect thereto.

In addition to the ruling last referred to, the trial court upon the second trial stated in the presence of the jury that Eisen was working for Krasne and was his employee. The trial court explained this statement by saying it did not rule as a matter of law that the defendant was liable for Eisen's acts in connection with the accident. Defendant took no exception to the court's statements in regard to these matters and they present no question for review.

Considering the court's charge to the jury as a whole, we deem that the rules of law enunciated therein as to the doctrine of *respondeat superior* were more favorable to the defendant than the law of New Jersey required.

In effect, what the trial court told the jury was that liability of defendant for the driver's acts depended upon his right to control the driver's physical operation of the automobile at the time and place of the accident. This definition was too narrow. The test rather is whether the defendant had the right of general control over the driver as to how the business being carried on should be done. The question is one of the status of the driver, the ultimate issue being whether the driver was an employee or servant of the defendant, or was an independent contractor.

The test applied to determine when the relation of master and servant exists, or whether the status is that of independent contractor is substantially the same in New Jersey as it is in our own State. Both States follow the principle enunciated in *Singer Mfg. Co.* v. *Rahn* (132 U. S. 518) where the Supreme Court of the United States said: " And the relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, ' not only what shall be done, but how it shall be done.' "

In *Kohl* v. *Albert Lifson & Sons, Inc.* (128 N. J. L. 373) the Court of Errors and Appeals of New Jersey, in overruling a claim that right to physical control of the driver's acts to the manner of driving the car at the time of an accident was the test, said: " The argument for nonliability of the employer must necessarily rest on the theory that while employee was driving his own car the employer could not have control over the manner of the employee's driving. If that were to be the test, an employer could never be held except in cases of will-

ful wrong in giving instructions to an employee who later executes such wrongful instructions faithfully.''

There was ample evidence in the present case as to the extent to which Krasne reserved the right to control the acts of Eisen in respect to the manner in which the business of soliciting orders should be done. Eisen's duties as a salesman, the unlimited size of his territory, the paraphernalia he was to carry, how orders were to be recorded and confirmed, and the control retained by Krasne with respect to the several elements of his employment were developed at length on the trial.

In *Cooke* v. *Drigant* (289 N. Y. 313) the Court of Appeals of this State recently said concerning the liability of a master for the use by the servant of his own car in the master's business: '' On the other hand, there is evidence that respondent was informed that the car was being used in its business and required that it be covered by liability insurance. While these last two facts, standing alone, would have little, if any, probative value, there is present in the case at bar the additional fact that Drigant was expected to solicit new business throughout the State wherever it might be found. There could be found, by the jury, in this requirement to solicit business over a large territory an inherent implied authority for Drigant to make use of the most efficient and adaptable means of transportation. The jury was further warranted in finding that this inherent requirement to make use of the most efficient means of transportation included the operation of an automobile.''

In the present case we likewise had evidence concerning most if not all of these or similar factors. Here, however, there was no requirement that Eisen produce any particular amount of business. Whether Eisen was an employee of Krasne's and not an independent contractor, and whether he was acting within the scope of his employment in the operation of the car were for the jury upon the proof adduced.

We find that no basis existed for the order setting aside the verdict or for the dismissal of the complaint.

The judgment and order appealed from should be reversed, with costs, and the verdict reinstated.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the verdict reinstated.