RAY SHAPIRO, Respondent, v. LOUIS I. SHAPIRO, Appellant.—Action for a separation. Judgment in favor of plaintiff, and order denying defendant's motion to vacate and set aside his default and to restore the action to the calendar for trial, unanimously affirmed, with costs. No opinion. Present—Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.

PAUL SPERLING, Individually and as a holder of Class B Debentures of Green Bay and Western Railroad Company Suing on Behalf of Himself and All Others Similarly Situated, Respondent, v. H. E. McGEE et al., Defendants, and GREEN BAY AND WESTERN RAILROAD COMPANY, Defendant-Appellant.—Appeal by defendant Green Bay and Western Railroad Company, appearing specially, from an order denying its motion to set aside the service of the summons and complaint upon it on the ground that the court had not acquired jurisdiction of such defendant. Order affirmed, with ten dollars costs and disbursements. We agree with the finding of the learned Special Term that the appellant is doing business within this State within the provisions of subdivision 4 of section 225 of the General Corporation Law. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Pomeroy* v. *Hocking Valley Ry. Co.*, 218 N. Y. 530.) The appellant appeared specially at Special Term and moved to set aside the summons and complaint solely upon the ground that the court had no jurisdiction of its person. On this appeal it attempts to urge for the first time that the court should refuse to accept jurisdiction for the reason that the first cause of action, at least, involves the management of the internal affairs of a foreign corporation. The ultimate question is not strictly one of the existence of jurisdiction, but rather of discretion in its exercise. The doctrine that is involved here is the doctrine of *forum non conveniens* rather than the doctrine of total lack of jurisdiction. This question must first be raised at Special Term. (*Murnan* v. *Wabash Railway Co.*, 246 N. Y. 244.) This decision is without prejudice to the right of the appellant to raise such question if so advised. Close, P. J., Johnston, Adel and Aldrich, JJ., concur; Hagarty, J., concurs in result.