ERMINDA A. CARLSON, Respondent, *v.* SIDNEY H. CARLSON, Appellant.

Fourth Department, March 7, 1945.

*Stone & Hoffenberg (George Hoffenberg* of counsel), for appellant.

*John Van Voorhis' Sons (Meyer Fix* of counsel), for respondent.

HARRIS, J. The plaintiff and the defendant intermarried in September, 1925, and the only issue of the marriage is a son born November 7, 1931, and still living and now in the custody of the wife. In or about the month of May, 1941, the husband and wife entered into a separation agreement; by such agreement their personal property was divided, care of the child given to the mother with the right of visitation to the father, and the following provision made for the support of the wife and their son: A. Fifty dollars a month, with a further provision B. that "If the gross income, less business expenses and income taxes, of the husband during any year shall exceed Two Thousand Dollars ($2000), the husband shall pay to the wife each and every month of the year following, in addition to the sum specified in Subdivision A above, a sum equal to one per-centum of the said excess over and above the said Two Thousand Dollars." C. "For the purpose of computing the additional payments due under Subdivision B herein, the gross income, less business expenses and income taxes, of the husband shall be computed during each and every calendar year, and the husband shall render to the wife a statement of his income for each and every calendar year."

The action herein was brought in 1944 and in her complaint the plaintiff alleges that the agreement of separation did not fairly, justly and adequately provide for the support of the wife and son; that the defendant failed to render the accounting of his income called for by the agreement; that her condition of health was such that she could not be employed, and that the husband-defendant had an annual income exceeding $2,500. In the prayer for relief, the plaintiff demands: 1. That the agreement be rescinded because the defendant has failed to render the account of his income called for by the agreement. 2. That the agreement be declared void because it violated the provisions of section 51 of the Domestic Relations Law. 3. That if the agreement were not rescinded by the court, that it be modified to provide adequate provision for the support of the wife and the son.

The answer admitted the marriage, the issue and the separation agreement, and denied the remainder of the allegations of the complaint. The decision of the Special Term contains two findings which have no foundation in the record. These findings

are: " The defendant has failed to render annual statements of his income as provided for by the said agreement." " The said separation agreement violates Section 51 of the Domestic Relations Law of the State of New York, as amended, in that by its terms the defendant contracted to relieve himself from his liability to support the plaintiff and their said son." The Special Term also said that the proof as to the plaintiff's health is meager and that there is no clear proof of the annual earnings of the defendant. Based on its decision containing these and other findings, the court ordered judgment denying the rescission of the contract but amending the separation agreement so that the separation agreement would provide a larger amount to be paid by the defendant for the support of the plaintiff and their son. Allowance was made to the plaintiff's counsel for fees in the sum of $100. As this is not a matrimonial action, there is no authority for the allowance of these counsel fees.

The court had no right to modify the separation agreement and thus make a new contract between husband and wife. If the proof had been sufficient to establish fraud in the making of the separation agreement, or to show such a change of circumstances as would make the wife and child likely to become public charges, then the court could have rescinded the contract. (*Stoddard* v. *Stoddard,* 227 N. Y. 13; *Johnson* v. *Johnson,* 206 N. Y. 561; *DeRobertis* v. *DeRobertis,* 261 App. Div. 476; Domestic Relations Law, § 51.)

Contending that the appellant did not attack at Special Term the right of the court to amend the separation agreement, the respondent here claims that the appellant may not raise that question here, and on such point cites various cases, including *Goldstein* v. *Connecticut General Life Ins. Co.* (273 N. Y. 578, affg. 248 App. Div. 790); *Niagara Ferry & T. Co., Inc.,* v. *Eagle S. & B. D. Ins. Co.* (254 N. Y. 626, affg. 229 App. Div. 433); *Bigelow* v. *Davol* (150 N. Y. 327, 332–333); *Sperling* v. *McGee* (268 App. Div. 925); *Gutov* v. *Krasne* (266 App. Div. 302, 305); *Matter of City of New York [East River Drive]* (264 App. Div. 555); *McCall* v. *McCall* (258 App. Div. 1036); *Biggs* v. *Saladino* (246 App.Div. 632); *Hirschberg* v. *Bertal Textile Co., Inc.* (238 App. Div. 338, 341). This contention is not well taken; these cases so cited involve either consent to procedure, or failure to object to the procedure, in the trial court, while here we have an appeal from a decision of a court on the merits, for which decision there is no basis in law.

The judgment below should be reversed on the law, without costs of this appeal to either party, and the complaint dismissed, without costs. Certain findings of fact disapproved and reversed.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LOVE, JJ.

Judgment reversed on the law, without costs of this appeal to either party, and complaint dismissed, without costs. Certain findings of fact disapproved and reversed. [See *post,* p. 732.]