Judgment and order reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The evidence in this case does not establish that plaintiff was under any duress, coercion or restraint, or that any misrepresentation or fraud was practiced upon her at the time the parties entered into the separation agreement on May 17, 1944. As a matter of fact, she was represented in the transaction by an attorney of her own choice. While the amount agreed upon therein for plaintiff’s support and maintenance is, at the present time, scarcely commensurate with defendant’s income and the station in life of the parties, still it is not so inadequate as to be inequitable or unconscionable, nor does it appear that there is any likelihood that plaintiff may become a public charge. The fact that the defendant obligated himself to provide a college education for the infant son of the parties is not to be ignored in this connection. Under the circumstances, the courts are without power to rewrite the agreement. (Johnson v. Johnson, 206 N. Y. 561; Stoddard v. Stoddard, 227 N. Y. 13; Goldman v. Goldman, 282 N. Y. 296; Schmehel v. Sehmelzel, 287 N. Y. 21; Oarlson v. Carlson, 269 App. Div. 21.) It appears from the evidence that the defendant has faithfully performed his obligations under the separation agreement and that it is a valid and subsisting agreement. - The agreement is therefore a bar to this separation action and to plaintiff’s application for counsel fees. (Benesch v. Benesoh, 182 App. Div. 221; Rosenblatt v. Rosenblatt, 209 App. Div. 373; Oatman v. Oatman, 267 App. Div. 805, and cases cited.) All concur. (The judgment is for plaintiff in an action for separation. The order directs defendant to pay counsel fees to plaintiff’s attorney.) Present — Harris, McCurn, Larkin and Love, JJ.