Michael Catalano, J.
This motion was instituted by Zambito Bros., above named (herein called “ Zambito ”), by an order to show cause, granted October 18,1962, by Hon. Egbert E. Noonan, Justice of the Supreme Court, returnable at Special Term, Eighth Judicial District, City of Niagara Falls, on October 29, 1962, seeking an order for a consolidation of the above-entitled actions and for such other relief as to the court may seem just and proper; staying any further steps herein until this motion be determined and an order entered thereon. Casper Mayrsohn, Inc. (herein called iC Casper ”) cross-moves to vacate Judge Noonan’s order, or to delete its stay, and for such other relief as to the court may seem just and proper.
The second above-named action was instituted in the Supreme Court, Bronx County, on July 19, 1962, for $123,232.03, based on a breach of warranty that certain onions to be sold by Casper outside the United States were sprout-resistant. The first above-named action was instituted in the same court, Genesee County, on September 17,1962, for $11,192 as the balance due to Zambito for the same onions, and involving the sale of other onions to Zambito by Casper. Both actions are at issue.
On October 15,1962, Casper served a notice of motion returnable November 1, 1962, in the City of New York, Bronx County, for a consolidation or joint trial of these actions in Bronx County.
This court acquired jurisdiction of these actions on October 29, 1962, the return and hearing date of the Zambito motion. (See Stillman v. Stillman, 204 App. Div. 845.)
*59 The prime issue in The Bronx action is whether the onions sold to Casper by Zambito were treated properly with sprout inhibitor.
At least 16 witnesses will testify upon this issue. Their names are stated; they all reside in Genesee County; their testimony will be material and necessary; their convenience will be promoted by a trial in Genesee County; the ends of justice will be promoted thereby. (See Civ. Prac. Act, § 187, subd. 3.)
These actions involve the same parties and common questions of fact and law; they can be tried together without consolidation and without prejudice to a substantial right. (See Civ. Prac. Act, § 96-a.)
Generally, transitory actions, all other things being equal, should be tried in the county in which the cause of action arose, especially when all or a vast majority of the witnesses reside in that county. (Scusa v. Hofler, 258 App. Div. 1036.)
Here, the actions arose in Genesee County, where most of the material witnesses reside.
Also, as between a rural county and an urban county, the former should be chosen, since an earlier trial can be had there. (Gerber v. B. C. R. Hotel Corp., 10 A D 2d 956; Efco. Prods. v. Long Is. Baking, 6 A D 2d 832.)
Here, these cases can be tried at the term for which they are noticed in Genesee County, or at the latest, the next term, and that calendar is current. Apparently, The Bronx Calendar is two years in arrears, but “ in a proper case, with a Clerk’s Advance, such case (a commercial cause) could be reached for trial in approximately two (2) months.”
The delay in commencing the Genesee County action was the result of a race of diligence during pending negotiations to settle these claims and of the unavailability of Casper’s officers for service, so that Zambito was obliged to serve the Secretary of State on September 17,1962.
These two actions should be and are ordered to be tried together without consolidation in Genesee County; all other motions are denied. No motion costs.