## (December 6, 1962)

HELENE D. STAHL, Respondent, v. STANLEY STAHL, Appellant.— Order, entered on September 5, 1962, so far as appealed from, reversed, on the law and the facts, and motion denied, with $20 costs and disbursements to appellant. The order grants plaintiff as wife of defendant counsel fees and printing disbursements on her appeal to the Court of Appeals from a judgment of this court (16 A D 2d 467), which modified a judgment of separation at Special Term by reducing the alimony allowed; and by adjudging that a portion of a separation agreement waiving plaintiff's rights under section 18 of the Decedent Estate Law, remains valid. Although the discretionary revision of the award of alimony by this court is appealable (*Gelberg* v. *Gelberg*, 268 N. Y. 633), plaintiff seems unlikely to succeed on this issue in the further appeal (*Braunworth* v. *Braunworth*, 285 N. Y. 151; *Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, 349). The cause of action involving the issue of plaintiff's attack on the waiver provision of the separation agreement is not a matrimonial action within section 1169 of the Civil Practice Act, i.e., it is not in any part an action for separation. Although it may be joined with the cause of action for separation for convenience of adjudication between the same parties, it remains an action for equitable relief addressed to an agreement. In somewhat similar situations the provisions for counsel fees in matrimonial actions have been held inapplicable (*Johnson* v. *Johnson*, 206 N. Y. 561; *Carlson* v. *Carlson*, 269 App. Div. 21). Concur — Valente, Stevens, Steuer and Bergan, JJ.; Breitel, J. P., dissents in the following memorandum: The dispute over the validity of the waiver under section 18 of the Decedent Estate Law was always and still is an integral part of the matrimonial action. The form, namely, that of pleading in separate causes of action, should not be determinative of the right to counsel fees under section 1169 of the Civil Practice Act. A different question would be present in a case in which the spouse seeks similar relief in a nonmatrimonial action, i.e., not in an action for annulment, separation, or divorce (*Johnson* v. *Johnson*, 206 N. Y. 561). If the contrary logic is carried to its extreme then in every matrimonial case the counsel fee should be carefully limited not to cover relief sought or defense under sections 1156, 1160 and 1164-a of the Civil Practice Act; and there may be others. In short, the court has power to award a counsel fee in a matrimonial action, and the statutes do not limit the scope of such an action to the annulling, separating or divorcing of spouses and child custody, but include such relevant matters depending upon marital status as survivorship property, joint property, and life insurance rights. Indeed, section 1156 expressly refers to dower rights. Accordingly, I dissent and vote to allow a counsel fee.

HELENE D. STAHL, Appellant, v. STANLEY STAHL, Respondent.— Order, entered on September 11, 1962, unanimously modified, on the law and in the

exercise of discretion, to the extent of denying defendant-respondent's cross motion to vacate the demand for a bill of particulars, and is otherwise affirmed, with $20 costs and disbursements to defendant-respondent. Defendant is entitled to examine plaintiff as ordered by Special Term, plaintiff's notice for examination being untimely and good cause otherwise being shown to depart from the usual order of examination (*Jeshion* v. *Holzer*, 13 A D 2d 621). Plaintiff is, nevertheless, entitled to a bill of particulars on the amended answer, the old pleading having been superseded as a matter of law. The examination need not await the bill of particulars, any resulting inconvenience having been caused by plaintiff. Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.