Judgments reversed and complaint dismissed, with costs in all courts on dissenting opinion of VAN KIRK, J., below.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JULIA WHITTAM et al., Respondents, *v.* DUNNE-McCORD Co., Appellant.

*Contract — accounting — action for accounting under contract for operation of factory.*

*Whittam* v. *Dunne-McCord Co.*, 206 App. Div. 734, affirmed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 12, 1923, modifying and affirming as modified a judgment in favor of plaintiffs entered upon the report of an official referee in an action for an accounting under a contract whereby the defendant furnished the necessary funds and the plaintiffs operated a canning factory, paid the bills, operating expenses, maintenance, etc.; the plaintiffs gave their notes from time to time to the defendant to cover moneys advanced which notes were paid from the sales collections, and the defendant sold the product of the canning factory and kept the books.

*L. Earl Higbee* and *Thomas K. Smith* for appellant.

*Merle Lewis Sheffer* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

EBBA VEECK, Appellant, *v.* GUSTAV A. VEECK et al., Respondents.

*Husband and wife — action by wife to rescind separation agreement — when agreement fair and equitable.*

*Veeck* v. *Veeck*, 206 App. Div. 769, affirmed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered July 2, 1923, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term. The action was brought to obtain a judgment to rescind, cancel and set aside an agreement of separation, and to set aside and cancel a deed of conveyance of real property. The ground for the prayer was that the agreement was entered into and the deed executed by plaintiff at a time when she was " suffering from great mental pain and 'anguish and in a condition so highly nervous that she was not capable of and did not duly consider and properly understand the terms of same," and on the additional ground that the settlement, of which the deed of conveyance was a part, was unfair and inequitable and did not make proper provision for the support of plaintiff according to the means of defendant, and that the amount thereof was grossly out of proportion to his ability to pay. The Special Term and the Appellate Division held that the separation agreement in this case entered into between husband and wife concededly while they were living separate and apart from each other was fair and equitable under all of the circumstances of the case, both because it was in compromise of an action for a separation by the husband against the wife, the merits of which he established by proof upon the trial, and also because the settlement would have been fair under any circumstances as it gave the wife from one-third to one-half of the husband's wealth.

*Robert H. Elder* and *Otho S. Bowling* for appellant.

*Richmond J. Reese* and *George C. Howard* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN and ANDREWS, JJ. Dissenting: HOGAN, CARDOZO and CRANE, JJ.