MARY DEROBERTIS, Respondent, *v.* PAUL DEROBERTIS, Appellant.

Fourth Department, March 12, 1941.

*Clifford H. Searl*, for the appellant.

*Dominic Rizzo* [*Augustus Hopkins* of counsel], for the respondent.

TAYLOR, J. The plaintiff-wife and her husband, while living separate and apart, entered into a separation agreement in February, 1932. The agreement provided, among other things, that the husband would convey to his wife his interest, as a tenant by the entirety, in the property where they had made their home prior to the separation, together with the furnishings therein. This property, which was worth $8,500, but incumbered by a $5,500 bank mortgage, had been remodeled and converted from a single dwelling into a five-room apartment for their own use and five furnished two-room units, the rentals from which had been sufficient to defray carrying and maintenance charges and produce an annual surplus of $300, providing no vacancies occurred. The husband also agreed to give plaintiff $1,000 in cash, out of which she was to pay her lawyer's fees and certain outstanding bills for medical services rendered to her. The wife agreed to accept these provisions in full satisfaction for her future support and maintenance and covenanted to save the husband and his estate harmless from liability therefor. The husband, in addition to complying with all the terms of the agreement, advanced to the wife, upon her requests, between 1933 and 1937, approximately $1,000 which she applied to payments of mortgage interest and taxes. In 1937, upon the husband's refusal to pay the taxes and mortgage interest, the wife offered to convey the property to him but he rejected her offer and she lost the property through foreclosure proceedings.

In August, 1937, the wife sued her husband for rescission of the separation agreement and for a judicial separation upon the ground of cruelty. In her cause of action, which challenged the validity of the separation agreement, she alleged that the agreement was inequitable, that it made inadequate provision for her support, that she had expended for her support all that she had received thereunder, that she was in poor health, unable to work, destitute and about to become a public charge.

In July, 1938, the issues were tried before an official referee and upon his decision a judgment was entered which set aside the separation agreement but which denied plaintiff a decree of separation, thus requiring the defendant to open his home to his wife or to enter into a new treaty with her; his refusal to do either would subject him to further legal proceedings. (*Silberstein* v. *Silberstein*, 218 N. Y. 525; *Mirizio* v. *Mirizio*, 248 id. 175; *People* v. *Schenkel*, 258 id. 224.)

On this appeal by the husband, his position is that the facts, as found by the referee, do not support that part of the judgment which sets aside the separation agreement. The referee found that the agreement, when made, was fair, just and equitable for the support and maintenance of the wife, that she understood what she was doing and was satisfied with the amount of property which she received, that she had expended all moneys and property which she received for her support and for the operation and maintenance of the premises conveyed to her, that she had lost these premises through mortgage foreclosure proceedings and that, at the time of the trial, she was destitute, unable to work, in need of medical care and had been compelled to seek — and had obtained — public relief. The referee further found that her destitution was partly occasioned by poor management and extravagance.

The appellant contends that a wife, whose mismanagement and extravagance have contributed in part to the dissipation and loss of a lump sum which she has accepted in discharge of her husband's obligation to support her, is not entitled to have the agreement set aside; that equity will not interfere because she has not come into court with " clean hands." The appellant cites no cases which support this contention; however, he cites the following cases: *Veeck* v. *Veeck* (237 N. Y. 555); *Winter* v. *Winter* (191 id. 462); *Greenfield* v. *Greenfield* (161 App. Div. 573); *Crowell* v. *Crowell* (135 Misc. 530; affd., 229 App. Div. 771); *Leith* v. *Leith* (124 Misc. 24); *Dower* v. *Dower* (36 id. 559). While these cases hold that a separation agreement, which is fair and equitable under all the circumstances of the case and which makes adequate provision for the wife's support, will not be set aside, no one of them involves a resort to equity by a destitute wife who has expended, for necessaries, the gross sum which she has accepted and received from her husband in satisfaction of her claim for future support.

The case of *Veeck* v. *Veeck* (*supra*) has its sequel in *Veeck* v. *Veeck* (242 N. Y. 558, affg. 215 App. Div. 705), where the court held that a judgment, which dismissed upon the merits the plaintiff-wife's complaint in an action to set aside a separation agreement as unfair and inequitable, was not a bar to a subsequent action

brought for the same purpose, in which subsequent action the complaint contained additional allegations to the effect that the wife was about to become a public charge.

In *Harding* v. *Harding* (203 App. Div. 721; affd., 236 N. Y. 514) this court said: " While defendant paid plaintiff $10,000, according to agreement, if because of ill health she has been unable to support herself, and has practically exhausted that fund, can it be said that defendant's obligation to support his wife has ceased, because he made such payment? We do not think so. His obligation to support his wife is a continuing one so long as that relation exists, and he ought not to be permitted to escape responsibility for her support even though he paid what he agreed to pay at the time the separation agreement was made."

Section 51 of the Domestic Relations Law forbids a husband and wife to contract to relieve the husband from his liability to support his wife.

Section 125 of the Public Welfare Law, among other things, provides: " The husband  *  *  *  of a recipient of public relief or of a person liable to become in need of public relief shall, if of sufficient ability, be responsible for the support of such person."

The public policy of this State, as expressed by the Legislature in these statutes, and by the rulings in *Veeck* v. *Veeck* (242 N. Y. 558); *Harding* v. *Harding* (236 id. 514), and *Tirrell* v. *Tirrell* (232 id. 224), indicates that where a husband and wife enter into a separation agreement under which the wife accepts a lump sum or a settlement in gross for her future support, the husband takes the risk that the agreement will be set aside in the event that the proceeds of the settlement — even through her mismanagement and extravagance — are exhausted and that his wife is liable to become a public charge.

The judgment should be affirmed, with costs.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

Judgment so far as appealed from affirmed, with costs.