MAY DE OTERIS, Respondent, v. MIKE MARIO, Appellant.— The complaint contains two causes of action, one for absolute divorce and the other to set aside a separation agreement. Defendant moved for an order (a) severing the causes of action and directing the service of an amended complaint; (b) in the alternative, dismissing the second cause of action because of improper joinder with the first cause of action; (c) in the alternative, directing plaintiff to separately state and number the several causes of action alleged in the second cause of action; (d) in the alternative, striking out paragraphs " Ninth " to " Twelfth ", inclusive, under rules 102 and 103 of the Rules of Civil Practice. The motion was denied without prejudice to defendant's right to move for separate trials of the issues involved. Defendant appeals. Order affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur. [185 Misc. 1029.]

GEORGINA H. HERMES, as Executrix of FRANK J. HERMES, Deceased, Appellant, v. RICHARD J. COMPTON et al., Individually and as Copartners Doing Business under the Name of THE BLACKMAN COMPANY, et al., Respondents.— In an action by the executrix of a deceased partner to recover certain sums allegedly due the estate under the terms of a written partnership agreement, judgment, insofar as appealed from, unanimously affirmed, with one bill of costs to respondents. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ.

HOMEFIELD ASSOCIATION OF YONKERS, N. Y., INC., et al., Respondents, v. CURTISS E. FRANK, as Mayor of the City of Yonkers, et al., Defendants, and ANTHONY CIANCIULLI et al., Appellants.— Appeal by two defendants from an order which denies their motion to dismiss the complaint on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action. Order reversed on the law, with $10 costs and disbursements, and the motion granted, without costs, with leave to plaintiffs to serve an amended complaint within twenty days after the entry of the order hereon. The allegations of the complaint that the Common Council of the City of Yonkers was without power to amend the zoning law in the respects alleged, and the allegations of irreparable loss and damage, and that plaintiffs have no adequate remedy at law are conclusory. Facts should be pleaded upon which the conclusions are based. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.