ARLENE CALDERON, Plaintiff, *v.* JOSE CALDERON, Defendant.

Supreme Court, Special Term, New York County, November 8, 1948.

*Alexander P. Blanck* and *David Z. Rosensweig* for defendant.

*David J. Landau* for plaintiff.

WALTER, J. Plaintiff alleges that while she had pending in Florida an action for divorce from defendant, he and she entered into an agreement by which he agreed to pay her $5,000 and the sum of $125 per week and she agreed to accept said sums in full settlement of all claims she might have against him; that the Florida court thereafter granted her a divorce by a decree which referred to said agreement and adjudged that it be and thereby was by reference "made a part of the decree"; that to induce her to enter into said agreement defendant made false representations as to the amount of his assets and earnings; that she believed and relied upon those representations and was induced thereby to enter into the agreement, and that by reason thereof she has been damaged in the sum of $50,000, for which amount she prays judgment.

Defendant moves to dismiss the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, the court has no jurisdiction of the subject matter, and there is in existence a final decree of a court of competent jurisdiction determining the cause of action.

It is to be observed that the Florida decree in this case does not in terms approve the agreement or direct that it be carried

out, and the applicability of *Hoyt* v. *Hoyt* (265 App. Div. 223) and *Schacht* v. *Schacht* (295 N. Y. 439) is thus rendered somewhat doubtful. Nevertheless, I assume *arguendo* that if plaintiff were seeking to set aside the agreement, the Florida decree would prevent her from so doing.

But plaintiff is not here seeking to set aside the agreement. She does not challenge the validity of either the agreement or the decree and does not seek to circumvent either. On the contrary, she seeks damages for fraud which she says induced the agreement, and such an action proceeds upon the theory of and is an affirmance of the agreement and not a recission thereof. A party induced by fraud to enter into an agreement has an option to rescind or affirm, and if he affirm he is entitled to receive, recover and retain all rights and benefits under the agreement and also recover the damage which the fraud has caused (*Miller* v. *Barber*, 66 N. Y. 558, 564; *Gould* v. *Cayuga Co. Nat. Bank*, 99 N. Y. 333, 339, 340, 341; *Vail* v. *Reynolds*, 118 N. Y. 297, 302, 303; *Heckscher* v. *Edenborn*, 203 N. Y. 210; *Pryor* v. *Foster*, 130 N. Y. 171, 176; *Bowen* v. *Mandeville*, 95 N. Y. 237; *France & Canada S. S. Corp.* v. *Berwind-White Coal Mining Co.*, 229 N. Y. 89).

The Florida decree consequently is no more a bar to this action than it would be a bar to an action to recover one of the sums due under the agreement, and it certainly would not bar an action of that sort (*Hess* v. *Hess*, 276 N. Y. 486).

The motion is accordingly denied.