Rose M. Weintraub, Plaintiff, *v.* Max W. Weintraub, Defendant.

Supreme Court, Special Term, New York County, July 20, 1949.

*Wheeler & Alpert* for plaintiff.

*Seligsberg, Friedman & Berliner* for defendant.

McNALLY, J. Motion to dismiss the complaint under subdivisions 2 and 5 of rule 106 of the Rules of Civil Practice on the grounds of lack of jurisdiction of the subject matter and insufficiency.

The parties were married in the State of New York on July 26, 1917. During 1944, in New Jersey, plaintiff commenced an action for divorce. During the pendency of the said action, on April 12, 1944, an agreement was made whereby plaintiff herein agreed to accept $20,000 in lieu of support. The defendant paid said sum. The complaint herein alleges that the defendant falsely and fraudulently represented his net worth in 1944 to be $50,000 when in fact it was $500,000. The relief sought is the money damage consequent thereon. The plaintiff thereby elects to affirm the contract.

The claim of lack of jurisdiction rests on the assumption that provision for a wife's support is not within the competence of this court except as an incident of a matrimonial action. The defendant in that connection relies on *Johnson* v. *Johnson* (206 N. Y. 561). There the issue involved the power of the court to allow counsel's fee *pendente lite* in an action to modify a separation agreement. The court held that such counsel fees may not be awarded except in a matrimonial action and that the action there involved was not in that category because the relief sought in nowise affected the marital status of the parties. In the *Johnson* case (*supra*) the court *inter alia* held that an action to set aside a separation agreement may be maintained if the proper grounds are present, but that an action to modify such an agreement was in effect one to reform, which does not lie unless it appears that the writing does not conform to the agreement actually made.

An agreement for support and maintenance creates a contractual obligation which is distinct from and in addition to the obligation imposed by law to support and maintain a wife. A

consensual agreement for support serves to supplement the obligation imposed by law. (*Goldman* v. *Goldman*, 282 N. Y. 296.)

We are not here concerned with a separation agreement which has been incorporated in a judicial decree (*Calderon* v. *Calderon*, 275 App. Div. 251). The agreement at bar was not referred to in the decree of the New Jersey court. The said decree is one of absolute divorce. Such a decree terminates the obligation to support imposed by law (*Matter of Estate of Ensign*, 103 N. Y. 284; *Livingston* v. *Livingston*, 173 N. Y. 377). Whether the New Jersey court may provide for support after final decree as the courts of New York are empowered to do by statute (Civ. Prac. Act, § 1170) does not appear.

The parties were competent to contract in the manner here appearing. The question remaining is as to the remedy of the plaintiff by reason of the fraud alleged. Ordinarily the remedies consequent thereon include the right to affirm the contract and to recover damages caused by the fraud. It has been held that such a right is present in respect of the type of fraud here alleged. (*Calderon* v. *Calderon*, 193 Misc. 37, revd. on other grounds, 275 App. Div. 251, *supra.*)

It is suggested that the lump sum agreement here made violates the public policy of this State as expressed in section 51 of the Domestic Relations Law. That statute imposes the continuing obligation to support a wife. An agreement of the kind here involved is unaffected by said statute unless it is unfair and inequitable (*Veeck* v. *Veeck*, 237 N. Y. 555). If the agreement be fair and equitable then the statute is satisfied. Section 51 affords a basis for requiring support. It is not to be utilized as a sword to cut off a right supplementary thereto.

The standard of support imposed by law is not necessarily the same which may be provided for by contract. Implicit in the holding of *Goldman* v. *Goldman* (*supra*) is recognition of the wife's right to bargain for more than might be awarded to her by a court in satisfaction of the statutory obligation to support her. That right is of particular significance here because the statutory obligation as to this plaintiff terminated with the decree of divorce (*Hoops* v. *Hoops*, 292 N. Y. 428), and the decree of the New Jersey court, so far as appears, may not be susceptible of modification to provide for support of the plaintiff.

The defendant also maintains that the alleged damage to the plaintiff is highly speculative and, therefore, there is no right of action. A complete answer to that contention is that plain-

tiff is in any event entitled to nominal damages (*Northrop* v. *Hill*, 57 N. Y. 351, 354). The court need not now determine the method or rule for assessment of damages in a case such as this.

The court is not persuaded that the remedy here sought to be availed of, which normally attends the wrong here alleged, is to be denied the plaintiff in a case such as this. Accordingly, the motion is denied.