Shientag, J.
The complaint attacked herein as insufficient in law sounds in deceit. It is alleged that in order to induce the plaintiff to accept a proposed property settlement, ancillary to a contemplated divorce, the defendant fraudulently misrepresented Hs net worth. As a result of the misrepresentations the plaintiff was induced to accept $20,000 in full satisfaction of all obligations that the defendant owed her as her husband. She claims to have been damaged in the amount of $100,000, since the defendant at that time actually owned property of the value of $500,000. This contract was made in New Jersey where the wife was then residing.
The plaintiff thereafter procured an absolute divorce in an action brought in New Jersey. The separation agreement, though not incorporated in the decree of divorce, contained the *356 following provision: “ 3. The parties agree that in the event that either party shall hereafter obtain a valid final decree or judgment of divorce from the other in any jurisdiction, this agreement and its provisions shall have the same force and effect as though inserted at length in any such final decree.”
The question is whether the complaint states a good cause of action. In Johnson v. Johnson (206 N. Y. 561) an attempt was made to change the support provisions provided in a separation agreement. It was there held that such an action is not a matrimonial action, and that where the wife stands upon the agreement of separation fraudulently executed and merely wants an allowance for support such as might have been made originally, the court has no power to entertain jurisdiction for such limited purpose under the powers conferred upon it in matrimonial actions. (See, also, Calderon v. Calderon, 193 Misc. 37, revd. 275 App. Div. 251.)
In Walsh v. Walsh (276 App. Div. 753) the husband and wife separated and the wife claimed that her husband, to induce her to accept $2,000 in full satisfaction of her right to support, falsely represented that he was without assets. She brought an action in deceit for damages resulting from reliance on the misrepresentations. The holding of this court was that an action does not lie to recover money damages arising from fraudulent representations inducing the making of a separation agreement, and that the sole remedy is to attack the validity of the agreement by way of rescission. In the Walsh case (supra) the agreement was made part of the decree.
In Zimmerman v. Zimmerman (275 App. Div. 1030) there was a similar action for fraud in the inducement to make a separation agreement. The decree of separation did not incorporate the separation agreement except as to parts not relevant to the action. This court again held that, if the plaintiff desired to attack the separation agreement, she must institute proceedings to modify the decree as well as to set aside the separation agreement.
In the present action the plaintiff does not attack the validity of the agreement; she does not seek to have the agreement rescinded, but again asks merely for damages for deceit. This, under the decisions, she may not do. The agreement by its terms is related to the decree of divorce and must be considered as such. But our decision is not limited to whether the parties consent to have their contract enforced as if it were part of the decree of divorce. The point is that the statutory powers of the court over matrimonial cases are limited, *357 and questions of support cannot be raised in the form, of actions on the case for deceit.
The case of Schoonover v. Schoonover (172 F. 2d 526) reaches a contrary conclusion under Oklahoma law, but the question presented on this appeal, in the light of prior decisions, would seem no longer to be an open one in this court. In view of this determination, it is unnecessary to consider the further question as to the sufficiency of the allegations concerning damages. The order should be reversed, and the motion granted.
Pbok, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, and motion granted, and judgment directed to be entered dismissing complaint herein. [See post, p. 1067.]