CATHERINE C. WIDERA, Plaintiff, v. GEORGE WIDERA, Defendant.

Supreme Court, Special Term, Kings County, April 2, 1951.

*Irving M. Berry* for defendant.

*Louis Riger* for plaintiff.

BARTELS, J. Motion by defendant husband for separate trials of two causes of action. The amended complaint sets forth two causes of action joinder of which was permitted by order of this court. The first cause of action prays for separation upon the ground of cruel and inhuman treatment and the second cause of action seeks to set aside a separation agreement. Defendant moves under section 443 of the Civil Practice Act for separate trials of the issues involved in both causes of action, contending that the two causes of action must be tried in two separate parts of the court, the one relating to the validity of the separation agreement in Special Term, Part III, of this court (the Equity Part), and the other relating to the separation, in Special Term, Part V, of this court (the Matrimonial Part), if the separation agreement is invalid.

As a basis for setting aside the separation agreement which is dated July 8, 1948, plaintiff alleges, among other things, that at the time she executed the agreement she was weak in body and mind, did not act freely, and that the defendant made many misstatements as to his property and earning capacity and ability to pay, with intent to deceive the plaintiff, and, further, that thereunder defendant agreed to pay the plaintiff a lump sum of $2,600 for permanent support and $400 for counsel fees, in return for a release of all liability of the defendant to the plaintiff in connection with maintenance and support. Defendant denies the material allegations of the complaint and relies upon the separation agreement as a valid agreement and as a bar to the separation, alleging that the plaintiff accepted and retained all the benefits of the separation agreement.

In the interest of clarity, it may be helpful to refer at the outset to the distinction between the jurisdiction of this court in equity actions and the jurisdiction of this court in matrimonial actions. There can be no doubt that the jurisdiction of this court in matrimonial actions depends solely upon statute (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456). This does not mean that this court was deprived of its general equitable jurisdiction by the enactment of this statute. The Court of Chancery continued to retain its jurisdiction to entertain suits to annul or set aside a marriage or separation agreement upon the same grounds which authorized a court of equity to annul or set aside contracts generally. Because these powers remained, attempts were made to persuade a court of equity to change or modify separation agreements to permit an allowance for support or counsel fees which the court might have done if it had originally secured jurisdiction in an action for separation. Thus, in *Johnson* v. *Johnson* (206 N. Y. 561, 565), the wife sought to have a separation agreement modified to increase the amount of alimony and also to provide counsel fees *pendente lite.* It was held that the court had no power to entertain jurisdiction of the action for such limited purpose under the powers conferred upon it in matrimonial actions, the court observing with respect thereto: '' It is settled that the only jurisdiction which it possesses in such actions is that conferred upon it by statute and some further minor powers necessarily incident to the exercise thereof.''

Again, in *Stoddard* v. *Stoddard* (227 N. Y. 13, 17), it was held that the court did not have jurisdiction of a cause of action to fix the amount to be paid for support and maintenance of a wife under the terms of a separation agreement which provided that in the event of any material change in the circumstances of either of the parties, either might apply to the court for modification of those provisions regarding the amounts to be paid to the wife. It was said that a separation agreement was no different from any other agreement and that: "We know of no principle and we have been cited to no authority which authorizes the court in this way in effect to write a clause in the contract for the parties. While the parties to this particular contract have attempted to agree that the court might exercise this jurisdiction it really is not claimed that that agreement confers upon the court powers which it does not inherently possess." (See, also, *Carlson* v. *Carlson* 269 App. Div. 21.)

Likewise, the court has no jurisdiction of an action brought merely to secure maintenance and support or alimony without a prayer for a decree of separation, and it has no power in such an action to award alimony or counsel fees *pendente lite*. An essential feature necessary to give the court jurisdiction in such an action is a prayer for the particular relief in accordance with the provisions of the statute (*Ramsden* v. *Ramsden,* 91 N. Y. 281).

As long as no attempt is made to introduce matrimonial powers into an equitable action, or new equitable powers not provided by statute into matrimonial actions, the court may exercise its equity power with respect to matters arising out of matrimony in the same manner that it has exercised the same powers in other matters, but it has no new or greater powers. Consequently, there is no jurisdictional impediment to a trial by this court at the same time of an action to set aside a separation agreement and an action for separation (*Henning* v. *Henning,* 272 App. Div. 676; *DeRobertis* v. *DeRobertis,* 261 App. Div. 476).

That being true, the question next presented is whether the court sitting in Special Term, Part V, of this court, can at the same time try an action to set aside a separation agreement and an action seeking separation. Rule 21 of the Kings County Supreme Court Rules provides, in part, as follows: "*Special Term, Part V; matrimonial causes.* (a) In Special Term, Part V there shall be tried all issues in matrimonial causes,

with or without a jury, and uncontested matrimonial causes. There shall also be heard in said part all contested motions and ex parte applications and *matters arising out of or relating to matrimonial causes.* When Special Term, Part V is not thus engaged there shall be tried in said part *equity causes referred from Special Term, Part III* and jury and non-jury causes referred from Trial Term, Part I." (Italics supplied.)

It is apparent from a reading of the rule that while Special Term, Part V, is set up primarily for the trial of matrimonial causes, it is not limited to the trial of matrimonial causes and the court sitting there is not divested of any of its powers to preside over the trial of equity causes. While the jurisdiction of the court in matrimonial actions is limited to those conferred upon it by statute, Special Term, Part V, is not a statutory court limited in its jurisdiction by statute solely to matrimonial matters. It is a part of the Supreme Court with general jurisdiction in law and equity, as established by section 1 of article VI of the Constitution of the State of New York. The division of the court into parts is an administrative measure designed to aid in the orderly and speedy disposition of the work of the court. Such assignment does not represent a divesting or separation of the powers of the court. The conclusion seems inescapable that as long as a court sitting in Special Term, Part V, does not attempt to enlarge upon the statutory jurisdiction of the court with respect to matrimonial actions, it has full power to try equity causes arising out of matrimonial actions assigned to that part.

Having such jurisdiction, the question remains whether in its discretion the court should permit separate trials of the issues here involved. Defendant's attorney cites *De Oteris* v. *Mario* (185 Misc. 1029, affd. 270 App. Div. 820) in support of his contention that separate trials should be permitted in the present case. In that case an action for absolute divorce was joined with an action to set aside a separation agreement. Defendant's motion to sever was denied without prejudice to his right to move for separate trials of the issues involved. Inasmuch as a divorce action might involve a jury trial, it is obvious that a reason might exist in such a case for a separate trial which would not exist where such a jury trial was not required. Consequently the case is inapposite.

A separation agreement may be set aside not only for fraud, but also because it may be against public policy when it provides for a lump sum payment in discharge of the husband's

liability to support the wife who subsequently becomes a public charge (*DeRobertis* v. *DeRobertis, supra*). The action to set aside the separation agreement and the action for a separation in this case will have at least one issue in common, viz., the plaintiff's financial condition and ability to support herself. Evidence in connection with the validity of the separation agreement involving the defendant's assets and earning capacity might also be pertinent in the action for separation. It has been said that the right to order a separate trial of issues should be exercised sparingly and, if possible, the court upon the trial should have all issues before it (*Smith* v. *Western P. Ry. Co.*, 144 App. Div. 180, affd. 203 N. Y. 499; *Levine* v. *Levine*, 272 App. Div. 820). To prevent possible hardships upon the defendant, the trial court, in its discretion, may control the order of proof so as to dispose of the question of the validity of the separation agreement first. Accordingly, the motion is denied. Settle order on notice.