MARY JAFFE, Appellant, v. SELIG JAFFE, Respondent.— In an action to set aside a separation agreement, for a separation, and other relief, plaintiff appeals from the judgment dismissing the complaint on the merits, after trial. Judgment unanimously affirmed, with costs. The finding that the agreement provided for a liberal transfer of assets by respondent to appellant is in accordance with the credible proof. The agreement is fair and valid in that it provides a proper measure of support, even though it is, of course, subject to respondent's continuing statutory obligation (Domestic Relations Law, § 51) to support appellant if need arises (*Veeck* v. *Veeck*, 237 N. Y. 555; *Kyff* v. *Kyff*, 286 N. Y. 71, 74; *De Robertis* v. *De Robertis*, 261 App. Div. 476, 479, motion for leave to appeal denied 286 N. Y. 733). Appellant was required, moreover, under the circumstances disclosed, to return so much of the benefits received as remained in her possession, as a condition precedent to rescission. (*Hungerford* v. *Hungerford*, 161 N. Y. 550; *MacBarb* v. *MacBarb*, 267 App. Div. 183.) She has approximately $8,000 from the sales of assets received pursuant to the agreement and $2,706 withdrawn from a bank account, in addition to $1,041.80 which she appropriated from respondent subsequent to the agreement. The statutory provision rendering tender unnecessary where fraud, misrepresentation, mistake or duress is present (Civ. Prac. Act, § 112-g) is inapplicable. Present — Adel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.