CLARENCE NORRIS, Respondent, v. RUTH NORRIS, Appellant.— In an action to compel specific performance of an agreement entered into during the pendency of a separation action, defendant appeals from an order denying her motion to dismiss the complaint for insufficiency. Under the agreement the husband and wife were to apply for a loan to be secured by a mortgage on premises owned by the parties, as tenants by the entirety. The husband was to receive a large portion of the proceeds of the loan, and the property was to be conveyed to the wife. The agreement further provided that the considerations to be received by the wife thereunder were to be accepted by her in full satisfaction and in lieu of support and maintenance of the wife for her natural life. Order affirmed, without costs. Although we do not agree with the statement in the opinion at Special Term that the agreement is *primarily* for the conveyance of real property, we are unable to determine on an examination of the complaint that the agreement is void as violative of the provisions of

section 51 of the Domestic Relations Law. (Cf. *Veeck* v. *Veeck,* 237 N. Y. 555; *De Robertis* v. *De Robertis,* 261 App. Div. 476, motion for leave to appeal denied 286 N. Y. 733, and *Jaffe* v. *Jaffe,* 283 App. Div. 738.) That question should be determined on trial, or, if defendant shall be so advised, by a motion pursuant to rule 113 of the Rules of Civil Practice. Nolan, P. J., Adel, Schmidt and Murphy, JJ., concur; Beldock, J., dissents and votes to reverse the order denying defendant's motion to dismiss the complaint for insufficiency and to grant the motion. The agreement which the husband seeks to enforce was entered into between the parties during the pendency of the separation action instituted by him, in which the wife asserted a counterclaim for separation. Under the agreement the parties were to apply for a loan of $4,500 to be secured by a mortgage on property owned by them as tenants by the entirety, valued at $11,000. The husband was to receive the sum of $3,750 out of the proceeds of the $4,500 loan, and the property was to be conveyed to the wife, who was to assume the payment of the mortgage. The agreement also provides that the wife accepts the consideration above mentioned "in full satisfaction and in lieu of support and maintenance" during her natural life. I concur in the view of the majority that the agreement is not primarily for the convey-ance of real property, as was held by Special Term. I deem this essentially a separation agreement. I do not, however, agree with the majority that its validity should be determined on trial or on a motion under rule 113 of the Rules of Civil Practice. The agreement is not one which provides for regular, substantial periodic payments to the wife as a measure of the husband's con-tinuing obligation to support her. The agreement on its face attempts to exonerate entirely the husband and release him from any future obligations to support his wife for a nominal consideration of about $1,750. The conclusion is inescapable that the agreement was clearly designed to accomplish what section 51 of the Domestic Relations Law forbids. (*Haas* v. *Haas,* 298 N. Y. 69; *Jackson* v. *Jackson,* 290 N. Y. 512; *Kyff* v. *Kyff,* 286 N. Y. 71; *Goldman* v. *Goldman,* 282 N. Y. 296.) This court should ever be alert to condemn as void and to strike down any agreement which manifestly is so palpably in violation of the above-cited section. (*Matter of Rhinelander,* 290 N. Y. 31; *Weiman* v. *Weiman,* 295 N. Y. 150; *Haas* v. *Haas, supra.*)