Town of Wenham *vs.* Department of Public Utilities
& another.

Suffolk.    May 2, 3, 1955. — June 30, 1955.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Counihan, JJ.

*Corporation*, Public service corporation. *Zoning. Public Utilities. Gas Company. Equity Pleading and ·Practice*, Review of decision of department of public utilities.

Where no constitutional question is involved in a proceeding by way of appeal from an order of the department of public utilities under G. L. (Ter. Ed ) c. 25, § 5, as appearing in St. 1953, c. 575, § 1, only matters of law are open.  [16]

Even if a gas company had no power of eminent domain, it was not thereby precluded from seeking as a "public service corporation" exemption from the operation of a zoning by-law by the department of public utilities under § 10 of G. L. (Ter. Ed.) c. 40A, inserted by St. 1954, c. 368, § 2.  [16–17]

In a proceeding before the department of public utilities by a public service corporation seeking an exemption of property from the operation of a zoning by-law under § 10 of G. L. (Ter. Ed.) c. 40A, inserted by St. 1954, c. 368, § 2, the issue to be determined by the department was whether the location was "reasonably necessary for the convenience or welfare of the public," not whether it was the "most economic and efficient" one; it was immaterial to the determination of such issue of reasonable necessity whether the location had been acquired by the corporation by eminent domain or purchase; and the availability of other locations and efforts made to acquire them were material only as bearing on such issue of reasonable necessity.  [17]

Petition, filed in the Supreme Judicial Court for the county of Suffolk on January 14, 1955.

The case was reserved and reported by *Williams*, J.

*William B. Trafford*, Town Counsel, for the plaintiff.

*Matthew S. Heaphy*, Assistant Attorney General, for the department of public utilities.

*Sargent H. Wellman*, (*Lewis M. Stillman* with him,) for the Haverhill Gas Light Company.

Qua, C.J.   This is a petition brought in this court by the town by way of appeal under G. L. (Ter. Ed.) c. 25,

§ 5, as appearing in St. 1953, c. 575, § 1, from an order of the department dated December 17, 1954, made under G. L. (Ter. Ed.) c. 40A, § 10, inserted by St. 1954, c. 368, § 2, exempting from the operation of a zoning by-law of the town a parcel of land in a residence district for the purpose of a gate house to be erected by Haverhill Gas Company (formerly Haverhill Gas Light Company) to contain apparatus for reducing the pressure of gas to be taken from a high pressure pipe line of Tennessee Gas Transmission Company (formerly Northeastern), and other apparatus designed to prepare the gas to enter the lower pressure distributing system of the Haverhill company.

Chapter 40A, § 10, under which the department acted reads as follows: "A building, structure or land used or to be used by a public service corporation may be exempted from the operation of a zoning ordinance or by-law if, upon petition of the corporation, the department of public utilities shall, after public notice and hearing, decide that the present or proposed situation of the building, structure or land in question is reasonably necessary for the convenience or welfare of the public."

The land is situated adjacent to a location of the Boston and Maine Railroad, and the high pressure pipe line passes through it. The department made detailed findings of fact and concluded that "the proposed situation of the building, structure and land in question is reasonably necessary for the convenience and welfare of the public." The evidence taken by the department is included in the record and has been carefully examined by us. In a case of this kind, where no question of constitutionality is involved, this court under the express terms of c. 25, § 5, considers only questions of law. Compare *Lowell Gas Co.* v. *Department of Public Utilities*, 324 Mass. 80, 86–89. None of these questions requires lengthy discussion. We deal with them as presented.

1. There can be no doubt that the Haverhill Gas Company is "a public service corporation," and therefore entitled to petition the department for exemption from the

zoning ordinance under c. 40A, § 10, even if it had no power of eminent domain and had to buy its land as best it could. It was in substance held to be a public service company in *Attorney General* v. *Haverhill Gas Light Co.* 215 Mass. 394.

2. In determining whether a present or proposed situation is "reasonably necessary for the convenience or welfare of the public" it is immaterial whether the location has been acquired by eminent domain or by purchase.

3. The principal contention of the petitioner seems to be that the proposed location is not the "most economic and efficient" one, and that no credible evidence was adduced of efforts to purchase more suitable sites. There was evidence that various eligible sites were considered and that the one finally selected was the only one purchasable. It is true that the various sites were considered at a time when the company intended to use the land for tanks for propane gas as well as for a gate house and therefore needed a larger tract than was necessary for a gate house alone. The department apparently took cognizance of this consideration by allowing an exemption from the zoning bylaw for only half of the land for which exemption was requested. But the real answers to this contention are (1) that c. 40A, § 10, does not require that the proposed situation be, in the opinion of the department, the best possible one but requires only that it be "reasonably necessary for the convenience or welfare of the public," and (2) that the availability of other sites and the efforts made to secure them, in so far as they are pertinent at all, are merely matters of fact bearing upon the main question whether the proposed site, all things taken into account, is "reasonably necessary for the convenience or welfare of the public." We do not discover in them any question of law for the court.

4. It is not correct to say, as the town does, that the department made its decision on the reasonable necessity and convenience of a gate house in the general vicinity of

the tract exempted instead of basing it upon the particular tract itself. The department expressly found that half the tract petitioned for "is reasonably necessary for the convenience and welfare of the public." There was ample evidence that the gas company needed an additional supply, and it was for the department to decide where the necessary gate house should be located.

*Decision affirmed.*