Howard T. Hogan, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Act to review and to annul a decision of the Board of Zoning Appeals of the Town of Hemp-stead. The intervenors-respondents are the owners of a parcel of land at Merrick, having a frontage of 464 feet on the south side of Merrick Boad and a depth of 180 feet, zoned for business uses to a depth of 100 feet, and for residential uses for the remaining 80 feet. They sought an extension of the business use for an additional 50 feet, as permitted by section P-1.3 of the Building Zone Ordinance which reads as follows: “ Sec. P-1.3. *757 Where a district boundary line divides a lot in a single ownership at the effective date of this Ordinance, the Board of Appeals may permit the less restricted use to extend to the entire lot, but not more than fifty (50) feet beyond the boundary line of the district in which such use is authorized.”
A hearing was held before the Board of Zoning Appeals on June 13, 1956, and a decision rendered on September 21, 1956, permitting the extension. It is this decision which the petitioners now seek to annul.
The property in question has been the subject of bitter and extended litigation since 1952, as a result of which it has been established beyond further question that the present zoning for business use to a depth of 100 feet is proper. The owners now seek the aforesaid extension on the ground that 10 feet of the business depth must be reserved for the eventual widening of Merrick Road, leaving them only 90 feet, and the further ground that modern practice calls for off-street parking facilities, preferably in front of the store buildings.
The issues now raised on this proceeding may be summarized as follows:
1. Did the petitioners apply for a variance or a special exception?
2. Does the aforesaid section F-1.3 of the ordinance contemplate the issuance of a special exception or a variance, and if the latter, is there proof in the record of practical difficulty and unnecessary hardship sufficient to justify such variance?
3. If the section contemplates a special exception, did the ordinance, at the time the application was presented, contain adequate standards and safeguards (which are necessary when the Town Board delegates such power to the Zoning Board of Appeals [Little v. Young, 82 N. Y. S. 2d 909, affd. 274 App. Div. 1005])?
4. Did a set of standards and safeguards embodied in a resolution adopted by the Town Board on June 12, 1956, the day before the hearing, supply the alleged deficiency, in view of the fact that such resolution did not have the effect of law until after proper posting and publishing, which were not completed until July 2, 1956, subsequent to the Zoning Board’s hearing but prior to its decision?
5. If the aforesaid resolution of the Town Board were held to be retroactive in effect, so as to cure the allegedly defective ordinance as of the date of the hearing, would these objectants be deprived of a substantial right?
These -issues have been most ably briefed by the respective parties. Their painstaking research has been of the greatest *758 assistance to the court in a situation which appears to be unique in some respects.
I find that the application was for a special exception, rather than a variance, therefore petitioners were not required to demonstrate practical difficulties and unnecessary hardship in the manner outlined in Matter of Otto v. Steinhilber (282 N. Y. 71). It is wholly immaterial that the petitioners applied to the Building Department for a permit in the first instance, particularly since that application, regardless of the printed form erroneously used, clearly states that: ‘ ‘ Bequest is hereby made to the Board of Zoning Appeals to extend the business zone 50 feet in a southerly direction.”
Subsequently, a proper request was made to the Board of Zoning Appeals, on the form provided by it, for the extension of the business zone “ under Sec. F-1.3 of Article 3 of the Building Zone Ordinance ’ ’.
That section cannot be interpreted as authorizing anything but a special exception. Since the Board of Zoning Appeals already had been given the power by subdivision 5 of section 267 of the Town Law to extend the business zone by variance in a proper case when practical difficulties and unnecessary hardship had been shown, it cannot be supposed that the Town Board intended section F-1.3 as an entirely unnecessary and pointless ratification of this power. It was rather a reference to the Board of Appeals of the task of applying the Zoning Ordinance of the town to all requests for the extension of an existing use to the remainder of a petitioner’s property, a reference provided by subdivision 2 of the aforesaid section 267 of the Town Law.
It next becomes necessary to determine whether the ordinance, as it existed on June 13, 1956 (the date of the hearing) contained adequate standards and safeguards to guide the Board of Appeals in its determination. Section Z-l.l of article 12 provided that: “ The Board of Appeals may in a specific case after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows: (a) authorize the issuance of a permit wherever it is provided in this Ordinance that the approval of the Board of Appeals is required.” (Italics supplied.)
Although these standards and safeguards have been expressed in general terms they must be deemed sufficient. An identical provision in the Zoning Ordinance of the Village of Upper Brookville was held to be an adequate limitation upon the powers of the Board of Zoning Appeals in Incorporated Vil. of *759 Upper Brookville v. Faraco (282 App. Div. 943, affd. 307 N. Y. 642).
In Matter of Olp v. Town of Brighton (173 Misc. 1079, 1082, affd. 262 App. Div. 944) it was said: “If a legislative body vests an administrative agency with power to exercise discretion, it must mark ont the limits of that discretion by the formulation of some standard to guide the board or agency. All that these cases require is that some standard shall be established. It need not be specific. A standard may be general and none the less valid if it is capable of a reasonable application.” (See, also, Matter of Aloe v. Dassler, 278 App. Div. 975, affd. 303 N. Y. 878.)
Reading the aforesaid section Z-l.l in conjunction with sections 261, 263 and 267 of the Town Law, with which this ordinance has been prefaced, the court is of the opinion that adequate standards and safeguards have been supplied to the respondent board.
It thus becomes unnecessary to consider the effect of the additional standards and safeguards which were the subject of the aforesaid resolution of June 12, 1956 and which became applicable on July 2, 1956.
On September 21,1956 the Board of Zoning Appeals rendered a decision granting the request of the petitioner, and imposing certain conditions and safeguards. An examination of the voluminous record discloses sufficient and reasonable basis for this action.
Accordingly, the petition now before this court is dismissed.