Samuel W. Eager, J.
This proceeding is brought pursuant to article 78 of the Civil Practice Act, and the petitioner, a gas and electric corporation, thereby seeks relief from the refusal of the authorities of the Town of Rye to issue to petitioner a permit to allow the construction and maintenance of a transformer and switchgear unit upon property owned by it situate in Residence “ R-12 ” District in said town.
The petition, insofar as it seeks an order in the nature of a mandamus order directing the Building Inspector to issue a building permit, is dismissed. There is no showing here sufficient to justify a mandamus order on the theory that the zoning ordinance is illegal and invalid. There is no justification for the striking down on constitutional grounds of the ordinance insofar as it affects the property of the petitioner. This, because there is no showing and in fact no claim that the restrictions against the particular property are such as to “ preclude its use for any purpose to which it is reasonably adapted ”. (See Arverne Bay Const. Co. v. Thatcher, 278 N. Y. 222, 226.)
*285 It is further concluded that the petitioner may not succeed on the theory that the provisions of the ordinance are invalid as contrary to State law and policy. Here, the ordinance provisions do not have the effect of absolutely prohibiting the installing in the town of units of the nature of this particular one proposed by the petitioner, and, therefore, the decision of Matter of Consolidated Edison Co. v. Village of Briarcliff Manor (208 Misc. 295) is distinguishable. Here, the ordinance provides that premises in any district (including in an R-12 District) in the town may be used for ‘ ‘ public utility buildings * * * serving the local area only ” upon special permit to be granted at the discretion of the Town Board. There are regulations provided for in the ordinance to govern an application for and the granting of such a permit by the Town Board. The parties construed the provisions of the ordinance as authorizing the Town Board to grant to petitioner a special permit to construct and use the proposed transformer and switchgear unit upon the property in question and proceeded accordingly.
The contention is made that the permit provisions in the ordinance are invalid because the conditions fixed as the basis for the granting of a permit are general in nature and bear no particular relationship to the public utility use of property in a district and the need therefor. This contention is overruled, because it is concluded that standards or safeguards, which are prescribed as the basis of granting a special permit, may be expressed in general terms (see Matter of Kessel v. Michaelis, 15 Misc 2d 755, affd. 4 A D 2d 884, appeal dismissed 4 N Y 2d 803 and cases cited); and the propriety and sufficiency thereof depends upon whether or not they have substantial relationship to the nature of the particular district and the uses generally permitted therein and to the general welfare of the community. The granting of a special permit for a public utility installation may depend upon such general criteria where the effect thereof is not to absolutely ban the use of premises in the municipality for necessary installations of this nature.
Certainly, and in any event, the petitioner has not demonstrated that it is possessed of a clear legal right entitling it to invoke the remedy of mandamus.
It further appears that application was made by petitioner on May 15, 1958, to the Town Board for a special permit for the transformer unit; that the application was referred to the Planning Board of the town as called for by the ordinance provisions; and that the Planning Board recommended the granting of a special permit as requested, but the Town Board, following the holding of a public hearing pursuant to said pro *286 visions, denied a permit as requested. The petitioner, by this proceeding, also seeks a review of the said determination of the Town Board, to the end that it be annulled and the board directed to issue a special permit.
The determination of the Town Board involved the exercise of judgment or discretion and is reviewable in an article 78 proceeding (see Matter of Frantellizzi v. Herman, 1 A D 2d 980). Bearing in mind that the determination here was made upon a record following a public hearing and also upon information acquired upon the personal inspection by members of the board of the subject property and surrounding area, and upon their inspection of an installation of similar equipment at another location, the board was bound to make and return a statement of the facts found by them and constituting the basis for their determination. This is required in order to enable the court to intelligently review the determination. (See Matter of Community Synagogue v. Bates, 1 N Y 2d 445; People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280; Matter of Gilbert v. Stevens, 284 App. Div. 1016; Matter of Panzer v. McConnell, 6 AD 2d 700; Matter of Holmes & Murphy, Inc., v. Bush, 6 A D 2d 200; Matter of Wehr v. Crowley, 6 A D 2d 214.) This, the board has not done. Its resolution denying the application by petitioner for the special permit merely states that the petitioner ‘ ‘ has failed to show to the satisfaction of your Town Board members attending said meeting that the location and size of the use, the nature and intensity of the operations involved in connection with it and its relation to streets giving* access to it, is such that it will not be hazardous, inconvenient or detrimental to the predominately residential activities and character of the neighborhood in which the plot of ground is located ”; and- that it “ has failed to show to the satisfaction of your Town Board members attending .said meeting that the location and nature of the walls and/or fences and the nature and extent of the landscaping on the site is such that the use will not hinder or discourage the appropriate development and use of adjacent land and buildings or impair the value thereof. ’ ’ These are in effect merely conclusions, without any statement of the facts and circumstances found and relied upon by the board in coming to the determination that the petitioner did not make out a case.
The attorney for the board, in his argument, indicated that the board would have looked favorably upon the application in the event the petitioner would entirely place its equipment underground or enclose it in a building in harmony with the neighborhood. If it was the intention of the board not to *287 unqualifiedly deny the application, hut to deny it only in the event of a failure to meet certain conditions deemed advisable in the interest of safeguarding the development and nature of the particular district and neighborhood, it should so state and specifically set forth the conditions.
Under the circumstances, the matter will be remitted to the Town Board for reconsideration and the making of findings and a determination in proper form.
Settle order on notice. No costs.