In the Matter of NIAGARA MOHAWK POWER CORPORATION, Petitioner, against CITY OF FULTON et al., Respondents, and EDITH RANIERI et al., Intervenors-Respondents-Appellants.

Fourth Department, July 9, 1959.

*James C. Fannin* for petitioner.

*Samuel S. Sgroi* for intervenors-respondents-appellants.

*Per Curiam.* The petitioner Niagara Mohawk Power Corporation brought this article 78 proceeding for an order (1) annulling a determination by the Board of Zoning Appeals of the City of Fulton, made after a hearing, denying its application for a variance which it had sought in order to enable it to build an electrical substation in a residential district or, in the alternative, (2) directing the city authorities to issue a permit to the petitioner authorizing it to build a substation without regard to the provisions of the zoning ordinance, upon the ground that the ordinance was invalid insofar as it barred the petitioner from building the substation upon the proposed site.

The proceeding, as appears from the statement of its objectives, was a double-barreled one. The first part was a proceeding in the nature of certiorari to review a determination made by the Zoning Board after a hearing. The second part was a pro-

ceeding in the nature of mandamus to compel the city authorities to issue a permit without regard to the provisions of the zoning ordinance.

The owners of property in the neighborhood of the proposed substation intervened in the proceeding and opposed the granting of the relief sought.

The Special Term confirmed the determination of the Zoning Board of Appeals denying a variance but granted an order in the nature of mandamus directing the issuance of a building permit.

The petitioner did not appeal from the confirmation of the denial of a variance. The only appeal to this court was by the intervenors who appealed from so much of the order as directed the issuance of a building permit.

The effort of the petitioner to obtain authority to build the substation has had a long and tortuous history. In June, 1957, it applied to the City Council of Fulton for an amendment of the zoning ordinance to permit it to build its substation at the proposed site. In July, 1957, the Common Council adopted a resolution amending the zoning ordinance by granting a " variance " permitting the petitioner to erect the proposed building subject to certain conditions prescribed in the resolution. A building permit was issued in accordance with the resolution.

In September, 1957, the neighboring property owners appealed to the Zoning Board of Appeals, from the action of the city authorities in issuing the building permit. The board held that it had no power to pass upon the validity of the resolution of the Common Council and that so long as that resolution stood, the permit was valid. An article 78 proceeding was thereupon brought by the neighboring property owners to review the action of the board and in that proceeding, the Special Term held that the action of the Common Council in amending the ordinance was invalid as " spot-zoning " and that the Zoning Board of Appeals should therefore review the action of the city authorities in issuing the permit. No appeal was taken from this decision, although the cases support the view that it is permissible for a local legislative body to amend a zoning ordinance as to a single parcel of land in order to authorize the building of a necessary public utility structure. An amendment to a zoning ordinance is not to be condemned as illegal " spot zoning ", if it bears a reasonable relation to the public welfare and is thus consistent with the general purpose of the ordinance (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 124–125; *Higbee* v. *Chicago, Burlington & Quincy R. R. Co.,* 235 Wis. 91; *Holt* v. *City of Salem,* 192 Ore. 200; 2 Metzenbaum, Law of Zoning [2d ed., 1955], pp. 1524–1530).

The Zoning Board subsequently held a hearing on the question of the validity of the permit. Niagara Mohawk appeared at the hearing and requested that, if the board should find that the permit was illegal, a variance be granted allowing the erection of the substation. The proceeding before the board was thus converted into a proceeding upon an application by Niagara Mohawk for a variance.

A hearing was held at which proof was taken and, at the conclusion of the hearing, the board found that the substation was necessary but that it had no power to grant a variance to permit it because there had been no showing of " practical difficulties or unnecessary hardships " within the meaning of the zoning ordinance. The board also found that the outstanding permit was illegal. The petitioner had also advanced the contention before the board that insofar as the zoning ordinance prohibited it from erecting a necessary substation in a residential district, it was invalid and unconstitutional, but the board held that it had no power to pass upon the validity of the ordinance under which it was created and under which it functioned (cf. *Baddour* v. *City of Long Beach,* 279 N. Y. 167).

Thereupon the petitioner brought the present article 78 proceeding for the dual purpose stated above. As has been noted, the Special Term upheld the determination by the Zoning Board denying a variance. This was obviously correct. A variance may be granted under the zoning ordinance only upon a showing that the " carrying out [of] the strict letter of its provision would result in practical difficulties or unnecessary hardships " (Zoning Ordinance of the City of Fulton, art. III, § 14, ¶ 9; cf. General City Law, § 81, subd. 4). Under a provision of this kind, a Zoning Board may grant a variance only if it is shown that the particular parcel of land cannot be reasonably utilized for one of the permitted purposes (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71). The practical difficulty and unnecessary hardship referred to in the ordinance relate to the inability of the owner to use the land for a permitted purpose, not to the plight of a prospective purchaser who seeks to use it for a nonconforming use and who is unable to find any site within the area in which he desires to build, on which the proposed use would be permitted. Since there was no proof in this case that the site could not be used for residential purposes, there was no power in the board to grant a variance (*Matter of Long Is. Lighting Co.* v. *Incorporated Vil. of East Rockaway,* 279 App. Div. 926, affd. 304 N. Y. 932, reargument denied 305 N. Y. 738; cf. *Matter of Consolidated Edison Co. of N. Y.* v. *Gillcrist,* 283 App. Div. 718). In any event, the petitioner has in effect acquiesced in the holding of the

Special Term on this point by its failure to appeal from the portion of the Special Term's order confirming the denial of a variance.

However, as has already been noted, the Special Term granted an order in the nature of mandamus directing the issuance of a building permit to the petitioner. It did this without holding any hearing, upon the basis of the testimony given at the hearing before the board in the variance proceeding.

The Special Term's decision was based upon its conclusion that the ordinance was void insofar as it prevented the petitioner from building the substation on the proposed site. We agree with the Special Term that upon a proper factual demonstration of public necessity, the petitioner would be entitled to a declaration that the ordinance was void as to it, insofar as it prevented it from erecting a structure which was reasonably necessary to enable it to perform its public duties under the statutes of the State. The power of the municipality to enact a zoning ordinance must yield to the superior force of the State statutes which impose upon the public utility company the duty of rendering safe and adequate service. '' The general grant of power to a municipality to adopt zoning laws in the interest of public welfare does not have the effect of permitting the local legislative body to override such State law and policy   *   *   *   (See *Long Island Lighting Co.* v. *Village of Old Brookville,* 72 N. Y. S. 2d 718, affd. 273 App. Div. 856, affd. 298 N. Y. 569; *Matter of Municipal Gas Co. of City of Albany* v. *Nolan* [121 Misc. 606, affd. 208 App. Div. 753]; *Matter of Long Island Lighting Co.* v. *Griffin,* 272 App. Div. 551, affd. 297 N. Y. 897; *Union Free School Dist. No. 14 of Town of Hempstead* v. *Village of Hewlett Bay Park,* 279 App. Div. 618, and *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury,* 230 App. Div. 228, affd. 256 N. Y. 619.) '' (*Matter of Consolidated Edison Co. of N. Y.* v. *Village of Briarcliff Manor,* 208 Misc. 295, 300; cf. *Matter of Long Is. Lighting Co.* v. *Village of East Rockaway,* 305 N. Y. 738, *supra*; see, also, 2 Yokley, Zoning Law and Practice [2d ed.], § 255, pp. 151–154).

But in order to be entitled to this relief, the petitioner must make the necessary factual showing in accordance with the applicable procedural requirements. Technically, the evidence before the board in the variance proceeding was not properly before the court in connection with the proceeding in the nature of mandamus attacking the validity of the ordinance. The court should have required the petitioner to present proof before the court in support of its contention and should have given the intervenors an opportunity to cross-examine the witnesses for the petitioner and to offer countervailing proof. So far as the man-

damus part of the proceeding was concerned, the petitioner was substantially in the same position as if it had brought an action for a declaratory judgment or for an injunction to enjoin the city authorities from enforcing the zoning ordinance and it was subject to the same burden of proof as that which would have rested upon it in such an action.

However, the record of the hearing before the Board of Zoning Appeals in the variance proceeding was attached to the petition in the article 78 proceeding and in that way was actually before the court. No motion to strike out the variance record or to limit its applicability to the variance aspect of the proceeding was made by the intervenors. They made no request for a hearing at Special Term. It may therefore be argued that the intervenors had impliedly agreed to have the mandamus aspect of the proceeding decided at Special Term upon the basis of the evidence produced in the variance proceeding.

But, even if we take this view, the evidence was not, in our opinion, sufficient to warrant the granting of the relief sought by the petitioner. While the proof before the board was sufficient to establish that it was necessary for the petitioner to build a substation in the residential area, the proof was not sufficient to demonstrate that it was necessary for the petitioner to build its substation upon the particular site which it had selected. No proof was offered by the petitioner of the unavailability of other sites which might cause less disruption of the community zoning plan or might cause less detriment to neighboring property but which at the same time could serve the public need with reasonable adequacy. A zoning ordinance which has the effect of barring a public utility company from building upon a particular site cannot be declared invalid unless it is demonstrated that it was reasonably necessary for the company to build upon that site in order to enable it to render safe and adequate service. In determining the reasonable necessity of the use of a particular site, consideration must be given to the availability of other sites and to the degree of detriment to the neighborhood which might be caused by the various sites as weighed against their comparative advantages from the standpoint of efficiency and safety of operation. Tested by that standard, the proof in this case was not sufficient. There was proof that the site selected was the "ideal" one from the standpoint of operating efficiency but there was no proof that any consideration had been given to the other factors.

A conclusion that a zoning ordinance is invalid or unconstitutional in preventing a particular proposed use is a drastic one.

It may not be readily reached; it may not be reached at all unless the petitioner fully complies with the required standard of proof.

The situation created by the failure of the local legislative body to provide for necessary public utility structures is, at best, an unsatisfactory one. The questions involved in the selection of a site ought to be determined by a legislative or administrative body rather than by the courts. A comprehensive zoning ordinance should contain a provision giving the Board of Zoning Appeals the power to grant an exception for the building of necessary public utility structures in restricted districts (cf. *Consolidated Edison Co.* v. *Town of Rye,* 16 Misc 2d 284). The question of the propriety of the selection of a particular site would then be passed upon by the local administrative body which is charged with responsibility for the carrying out of a comprehensive community plan. In many States, the matter is entrusted to the Public Service Commission, which is authorized to exempt public utility companies from local zoning ordinances and to grant permission to build necessary public utility structures. Under statutes of this type, it is generally held that, in passing upon the reasonable necessity of the use of a particular site, the Public Service Commission must take into account '' the availability of other locations  *  *  *  less likely to cause injury to the neighborhood, and their comparative advantages and disadvantages with the plot for which approval is sought '' (*Matter of Hackensack Water Co.,* 41 N. J. Super. 408, 426; see, also, *Town of Wenham* v. *Department of Public Utilities,* 333 Mass. 15; *Wilson Point Prop. Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243; but, see, *Stellwagon* v. *Pyle,* 390 Pa. 17). Where no legislative provisions of this character exist, the task must be undertaken by the courts and the courts must do the best they can in determining whether the use of the particular proposed site is reasonably necessary, in the light of all the factors bearing upon that question.

The order insofar as appealed from should therefore be reversed and the matter remitted to the Special Term for further proceedings in accordance with this opinion.

All concur. Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order insofar as appealed from reversed, without costs of this appeal to any party and matter remitted to the Oswego Special Term for further proceedings in accordance with the opinion.