■ ISABELLE G. VATIS, Appellant, v. ANASTASSIOS T. VATIS, Respondent. — In an action for divorce, plaintiff appeals from an order of the Supreme Court, Westchester County, dated August 16, 1962, which denied her motion for leave to serve a supplemental complaint. Order reversed on the facts and in the exercise of discretion, with $10 costs and disbursements, and motion granted. Plaintiff's time to serve the supplemental complaint is extended until 20 days after entry of the order hereon. The proposed supplemental complaint alleges causes of action for separation based upon nonsupport and cruel and inhuman treatment, as well as claims for sums owed under a separation agreement and for rescission thereof. Under the circumstances here, and in view of the liberality in allowing the amendment of pleadings in the absence of a showing of prejudice by the adverse party (cf. Martin v. Katz, 15 A D 2d 767; Shuffman v. Shuffman, 6 A D 2d 1030), we believe it was an improvident exercise of discretion to deny the motion. We do not pass upon the legal sufficiency of the proposed pleading, since that question should be raised by appropriate motion addressed to the pleading (Brock v. Brock, 5 A D 2d 1002; Whitestone Realty Corp. v. Malba Props., 4 A D 2d 688). Special Term had the power to entertain the motion (Civ. Prac. Act, §§ 245-a, 258) despite the fact that the claims in the proposed pleading may be alternative and inconsistent with the original complaint which sought divorce. Beldock, P. J., Ughetta, Hill and Rabin, JJ., concur; Brennan, J., dissents and votes to affirm the order, with the following memorandum: A motion for leave to serve a supplemental

pleading is addressed to the discretion of the court (cf. *Ponticello* v. *Prudential Ins. Co.*, 281 App. Div. 549, 550). I believe that under the circumstances presented, there was no abuse of discretion by the Special Term in denying the motion. While it may be that, as a matter of law, a cause of action for separation may be joined in one complaint with a cause of action for a divorce (Civ. Prac. Act, § 258; *De Oteris* v. *Mario*, 270 App. Div. 820), nevertheless the motion here was properly denied. The motion was obviously designed to gain a tactical advantage over defendant, since plaintiff will not be entitled to prevail on both causes of action but will be required to make an election. She should be held to the election she has already made by the commencement of the action for divorce.